**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADRIAN AMMONS,

       Petitioner,

v.                                                                              Case No. 08-12157

L.C. EICHENLAUB,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Pending before the court is pro se Petitioner Adrian Ammons's petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241, filed on May 14, 2008.  Petitioner

challenges the result of a prison disciplinary proceeding and asks the court to order the

Bureau of Prisons (BOP) to expunge his discipline record, transfer him back to a

minimum security facility, and reinstate his good conduct time credits.  Having reviewed

the petition, the court concludes that a hearing is not necessary and the court will deny

the petition.  *See* E.D.Mich LR 7.1(e)(2).

## I.  BACKGROUND

      Petitioner is a federal prisoner at the Federal Correctional Institution (FCI) in

Milan, Michigan.  On February 6, 2006, Petitioner was sentenced by the United States

District Court for the Central District of California to a 108-month term of imprisonment

and four years' supervised release for conspiracy to possess with intent to distribute

cocaine and cocaine base, and for distribution of cocaine and cocaine base in violation

of 21 U.S.C. §§ 841(b)(2), 846.  (Resp. Ex. 1 at 1.)  Petitioner was initially assigned to

the FCI in Terre Haute, Indiana.  (Resp. Ex. 1 at 4.)

On April 10, 2007, Petitioner was on the Inmate Telephone Services talking to his girlfriend, Tiffianie King.  (Pet. ¶ 1.)  The call took place at 9:35 a.m.  *Id.*  At 12:30 p.m., a BOP staff member, Officer Allen, filed an incident report charging Petition with threatening another with bodily harm, a code 203, or "high category," offense.  (Pet. ¶ 3.)  The incident report indicated that at approximately six minutes and thirty seconds into the call, Officer Allen heard Petitioner say "believe in me, I'm gonna beat your mother fucking ass as soon as I come to the mother fucking crib.  I don't like your punk ass mouth."  (Pet. Ex. A.)  The incident report was delivered to Petitioner at 2:00 p.m. the same day.  (*Id.*)

The Unit Disciplinary Committee (UDC) heard the matter on April 11, 2007.  (Pet. Ex. B.)  At the hearing, Petitioner stated that he was not guilty of the charge and requested a copy of his phone records.  *Id.*  Due the severity of the charge, the UDC referred the matter to the Discipline Hearing Officer (DHO) and recommended the maximum sanction the DHO deemed appropriate, including a disciplinary transfer.  *Id.*  Petitioner was provided with written notice of the DHO hearing and of his rights at the hearing.  (Resp. Ex. 4.)  Petitioner requested that Mr. Butts appear as his staff representative and that Tiffianie King be called as a witness.  *Id.*  Petitioner indicated that Ms. King would testify that Petitioner was "not guilty."  *Id.*

The DHO hearing took place on May 25, 2007.  (Pet. Ex. D.)  At the hearing, Petitioner's staff representative explained that Petitioner was just joking when the statement was made.  *Id.*  He also explained that although he did not talk to Ms. King, she provided a written statement to Petitioner.  *Id.*  Petitioner maintained, "This is crazy,

2

you can't prove it.  My statement is that we were just playing.  I talk to my girl like that all the time.  She's my girl."  *Id.*

The DHO found, by the greater weight of the evidence, that the charged offense was committed by Petitioner.  *Id.*  The documentary evidence relied on by the DHO was: the statement by Ms. King, the notes prepared by Mr. Butts, and the DHO's notes memorializing the conversation he had with the witnessing officer that "there was no way [the comments were] a joke based on the tone [Petitioner's] voice."  *Id.*  Petitioner was sanctioned with twenty-seven days disallowed good conduct time (GCT), three months of lost privileges (phone and visits), and a disciplinary transfer.  *Id.*  The DHO report was prepared on August 27, 2007, approximately ninety-four days after the DHO hearing.  *Id.*

Petitioner appealed on September 17, 2007.  (Resp. Ex. 8.)  In that appeal, Petitioner asserted: (1) that the DHO failed to comply with regulations by not delivering the report to Petitioner within ten days, (2) that the charged act was not committed because the statements were taken out of context, (3) that Ms. King contacted Petitioner's counselor, Mr. Parker, and that Mr. Parker should have been called to testify at the DHO hearing, and (4) that Ms. King's written statement clearly indicates that a threat was not made, which is further evidenced by her continued support and acceptance of Petitioner's phone calls.  *Id.*  For relief, Petitioner requested that the incident report be expunged.  *Id.*  On October 17, 2007, Petitioner's appeal was denied.  (Pet. Ex. D.)

## II. STANDARD

Petitioners are entitled to relief under 28 U.S.C. § 2241 if they demonstrate that "[they are] in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A § 2241 petition may be filed "in the district court for the district wherein such person is in custody." § 2241(d).  A § 2241 petition is "the proper means to challenge the execution of a sentence such as computation of time to serve."  *Wathal v. Haney*, No. 08-cv-405, 2009 WL 413508, at *3 (E.D. Ky. Feb. 17, 2009); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (noting that "[e]xecution of a sentence includes matters such as the administration of parole, computation of a prisoner's sentence by the prison officials, prison disciplinary actions, prison transfers, and [the] type of detention and prison conditions").  A defendant that seeks redress for events or conditions relating to their custody is required to "exhaust [his or her] administrative remedies before habeas relief may be granted."  *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

Once a § 2241 petition is before the court, it must be screened pursuant to 28 U.S.C. § 2243 to determine if the alleged facts, if true, warrant issuance of the writ. *Davis v. Zuercher*, No. 08-cv-207, 2009 WL 585807, at *1 (E.D. Ky Mar. 6, 2009). "During this screening, the allegations in the petition are taken as true and liberally construed in favor of the petitioner."  *Id.* (quoting *Urbina v. Thomas*, 270 F.3d 292, 294 (6th Cir. 2001)).  If the petitioner is proceeding pro se, his or her petition "is held to a

less stringent standard than those drafted by attorneys." *Id.* (quoting *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003)); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

## III. DISCUSSION

Petitioner challenges the result of his prison disciplinary hearing asserting that his Fifth Amendment right to due process was violated when he was not permitted to call witnesses at his hearing, and when all of the evidence was not considered at his hearing. Petitioner also asserts, generally, that he did not receive the minimum requirements of procedural due process during the disciplinary hearing. Despite the fact the Petitioner has a liberty interest in his earned GCT, the disposition and sanction were supported by "some evidence" and the hearing that resulted in the disposition and sanction conformed to the requirements set forth in *Wolff*.

### A. Liberty Interest

The court starts its due process inquiry by determining whether a protected liberty interest is at stake. A federal prisoner that claims a due process violation under the Fifth Amendment is required to show that he or she has been deprived of a protected liberty or property interest. *Williams v. Bass*, 63 F.3d 483 (6th Cir. 1995). The Supreme Court in *Wolff* indicated that there was no guarantee to GCT credit in the Constitution, but that a liberty interest can be created by statute when the statute acknowledges the right while recognizing deprivation of that right as a sanction for specified conduct. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Title 18 U.S.C. § 3624(b) governs credits towards a BOP inmate's sentence:

[A] prisoner who is serving a term of imprisonment of more than one year .

. . may receive credit towards the service of the prisoner's sentence . . . subject to determination of the Bureau of Prisons that . . . the prisoner has displayed exemplary compliance with the institutional disciplinary regulations. [I]f the Bureau determines that . . . the prisoner has not satisfactorily complied with such institutional regulations; the prisoner shall receive no such credit . . . or shall receive lesser credit as the Bureau determines appropriate.

18 U.S.C. § 3624(b)(1)(2).

Here, the sanctions for Petitioner's high category offense includes forfeiture of GCT (between 14 and 27 days). The DHO report indicates that Petitioner was disallowed twenty-seven (27) days of GCT as a result of the disciplinary hearing. Thus, Petitioner has a liberty interest subject to due process.

## B. Process

Upon a finding that Petitioner had a protected liberty interest, the inquiry shifts to the whether he was afforded process sufficient to satisfy the Constitution. Federal prisoners may not be deprived of liberty without due process of law. *Wolff*, 418 U.S. at 556. However, the protections due to prisoners are not limitless. *Id.* Since the disciplinary proceeding are not part of the criminal prosecution, the "panoply of rights due to a defendant do not apply." *Id.* Instead, the rights of a prisoner charged with a prison regulations violation are considered a "mutual accommodation between the institutional needs and the objectives of the provisions of the constitution." *Id.* The amount of process due to an inmate subject to a prison disciplinary hearing that may result in the loss of GCT is: (1) advance written notice of claimed violation; (2) an opportunity to call witnesses, if consistent with institutional and individual safety; (3) an opportunity to present testimony and documentary evidence; and (4) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action.

6

*Terry*, 2010 WL 931862 at * 3.

Petitioner received written notice of his hearing before the DHO. (Resp. Ex. 4.) At the time that notice was received, Petitioner requested Ms. King be called as a witness and there is no allegation that he was denied an opportunity to have her testify. *Id.* In fact, it was Ms. King's failure to return Petittioner's representative's phone call that apparently prevented her from testifying. (Pet. Ex. D.) Accordingly, Ms. King submitted a written statement in lieu of live testimony. Petitioner testified at the DHO hearing and presented Ms. King's statement and his staff representative's notes. (Resp. Ex. 6.) Petitioner received the DHO's report memorializing the proceeding. Thus, the prison disciplinary proceedings that resulted in loss of CGT credits complied with the requirements of *Wolff*.

Petitioner intimates that he was not permitted to call witnesses or present evidence at his DHO hearing in violation of his right to due process. Specifically, he states that his counselor, Mr. Parker, "was not called" as a witness and "nor statement was his statement used" during the DHO hearing. (Reply 3.) Petitioner suggests that, had Mr. Parker been called as a witness, he would have testified that he spoke directly with Ms. King and concluded that Petitioner's statements were taken out of context. (Reply 2.) Petitioner has not proffered any evidence supporting that Mr. Parker was actually listed as a witness to be called; in fact, the record suggests that he was not. (Resp. Ex. 4.) Moreover, 28 C.F.R. § 541.17 states "[t]he DHO need not call repetitive witnesses." § 541.17(c). The regulation goes on say that a witness (adverse or BOP staff members) "will not be called if their knowledge of the incident is adequately summarized in the incident report or other materials forwarded to the DHO". *Id.*

7

Petitioner testified that his comments were in jest, and Ms. King's statement to the same effect was considered at the DHO hearing.  (Pet. Ex. D.)  Also, the notes from Petitioner's staff representative indicating that Petitioner explained that the statement was taken out of context were also considered.  It follows that Mr. Parker's testimony, be it live or written, would have been repetitive.  Mr. Parker's hearsay statement neither supplemented nor contradicted the evidence relied on by the DHO.  Because due process does not entail a right to call witnesses that would simply provide repetitive, hearsay evidence, the absence of Mr. Parker or his statement form the basis of a due process claim.

Next, Petitioner argues that due process was violated because the DHO did not consider all of the evidence presented.  The operative question is, however, whether some evidence supports the decision.  *See Terry v. Zych*, No. 09-cv-12211, 2010 WL 931862, at * 4 (E.D. Mich. Mar. 11, 2010); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (holding that "revocation of good time does not comport with the minimal requirements of procedural due process unless the finding of the prison disciplinary board are supported by evidence in the record"); *see Williams*, 63 F.3d at 482 (indicating that "[n]ot much evidence is required to support the action of a prison disciplinary board").

The Court in *Superintendent* reasoned that requiring at least some evidence to support the revocation of GCT will prevent arbitrary or capricious deprivation of a liberty interest.  *Superintendent*, 472 U.S. at 455.  When a district court is determining whether the standard was met it *is not* required to conduct a full examination of the record.  *Id.* Instead, "the relevant question is whether there is any evidence in the record that could

support the conclusion reached by the disciplinary board." *Id.* at 455-56. Here, there was more than some evidence on the record that supported the decision. There was conclusive evidence; namely, the fact that neither Petitioner nor Ms. King denied that the statements that led to the charged offense were made.

Finally, Petitioner asserts that the minimum requirements of due process were not met. Petitioner points out that he requested his phone records, but the request was never satisfied. (Pet. Reply 3.) But due process is not implicated because the phone transcripts were repetitive and added nothing as Petitioner admitted to making the statements. Petitioner also argues that he did not receive the written notice of the DHO's conclusions within the ordinary ten-day period. But he points to nothing suggesting that this delay caused him prejudice and the court is not aware of any due process requirement that a prisoner receive a written DHO report within in a set amount of time regardless of prejudice. The delay in receiving the report from the ordinary ten-day period was not a violation of due process. *See Donn v. Baer*, 828 F.2d 487, 490 (8th Cir. 1987); *see also Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003) (noting that habeas relief is not warranted where petitioner fails to allege facts as to how petitioner was prejudiced by the delay in his ability to defend the charge).

## IV. CONCLUSION

Taking the factual allegations in the petition as true there was no violation of due process, and Petitioner is not entitled to issuance of a writ of habeas corpus. Accordingly,

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [DKT. #1] is

DENIED.

         S/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 18, 2010, by electronic and/or ordinary mail.

         S/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-12157.AMMONS.2241.Deny.bsc.mp.wpd